UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In Re:**

**DOW CORNING CORPORATION,**

Civil Action No. 00-CV-00005-DT

**Reorganized Debtor.**

Honorable Denise Page Hood

_____/

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER,
GRANTING MOTION TO CONSOLIDATE MOTIONS
FOR PRELIMINARY AND PERMANENT INJUNCTIONS
AND
NOTICE OF HEARING**

**I.   BACKGROUND**

Upon consideration of the Motion for (1) Issuance of Temporary Restraining Order and Preliminary and Permanent Injunctions Enforcing Plan Injunction and Staying Proceedings Commenced by John L. Piechota in California Superior Court Relating to Claims Under the Settlement Facility and (2) Consolidating Court's Consideration of Requests for Preliminary and Permanent Injunctions ("Motion") and the Memorandum filed in support thereof (the "Memorandum") filed by Dow Corning Corporation ("Debtor"), the Debtor's Representatives and the Claimants' Advisory Committee (collectively "the Movants"), the arguments and evidence presented by the Movants, and for good cause appearing, the Court grants the Motion for the reasons set forth below.

On November 15, 2005, John L. Piechota, as administrator for Mavis I. Piechota, deceased, filed an action naming the Settlement Facility-Dow Corning Trust ("SF-DCT") in a California state court.  Mr. Piechota seeks an order from the California court to compel the SF-

DCT to accept the validity of Ms. Piechota's claim. A hearing is scheduled in the California court on this matter for January 19, 2006. The Movants jointly seek an issuance of a Temporary Restraining Order, and an order consolidating the Movants' motions for preliminary and permanent injunctive relief. The Movants served the instant motion to Mr. Piechota's post office box number. The only address Mr. Piechota filed with the California court is a post office box number. No telephone number is noted in the pleadings before the California court. To date, no response has been filed by Mr. Piechota.

## II.     ANALYSIS

### A.     Temporary Restraining Order

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. ...

Fed.R.Civ.P. 65(b).

Fed.R.Civ.P. 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family*

*Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951 at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951 at 507-08.

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512.

In this case, the Movants are not seeking monetary damages. The Movants argue that according to the confirmed Amended Joint Plan of Reorganization ("Plan") dated February 4, 1999, updated and became effective on June 1, 2004, this Court retained exclusive jurisdiction over the matters raised by Mr. Piechota's state court action pursuant to sections 8.7.3, 8.7.4, 8.7.5, 8.7.8 and 8.7.10 of the Plan.

Section 8.7 of the Plan expressly states that this Court retains jurisdiction to resolve controversies and disputes regarding the interpretation and implementation of this Plan and the Plan Documents, including the Depository Trust and Settlement Facility and Trust Agreement ("SFA"), and, to enter orders regarding the Plan and Plan Documents. (Plan, § 8.7.3, 8.7.4, 8.7.5) Section 8.3 of the Plan provides that any party who holds a Products Liability Claim, whether known or unknown, shall be deemed to have forever waived and released all such rights or Claims against the Debtor. (Plan, § 8.3) Section 8.4 of the Plan states that on the Effective Date, all persons who have held Released Claims shall be permanently enjoined from commencing or continuing in any manner, any action with respect to such Released Claim against the Debtor, and the Settlement Facility. (Plan, § 8.4) A Released Claim is defined as any

3

Claim waived or released under § 8.3 of the Plan. (Plan, § 1.148) The Confirmation Order provides that the District Court shall retain exclusive jurisdiction over all matters specified in § 8.7 of the Plan.

The Plan provides for the establishment of the SF-DCT, which is governed by the SFA. (Plan, § 1.131) The SF-DCT was established to resolve Settling Personal Injury Claims in accordance with the Plan. (Plan, § 2.01) The SFA and Annex A to the SFA establish the exclusive criteria by which such claims are evaluated, liquidated, allowed and paid. (SFA, § 5.01) Resolution of the claims are set forth under the SFA and corresponding claims resolution procedures in Annex A, which is performed by this Court. (SFA, § 4.01)

The Depository Trust Agreement ("DTA") establishes a settlement trust fund ("Trust") for the payment of claims under the SFA. (DTA, § 2.03(b)) The DTA provides that this Court has exclusive jurisdiction over all actions involving the Trust and its assets. (DTA, § 7.11)

Based on the Confirmation Order, the Plan, the SFA and the DTA, this Court has exclusive and continuing supervisory jurisdiction over Mr. Piechota's claim filed in a California court, *In re Mavis I. Piechota*, Case No. KP009538. Mr. Piechota claims in the California action that the decedent submitted proof-of-claim forms and medical records to Daticon Systems, Inc., the official claims docketing agent in the bankruptcy action, in support of her claim against Dow Corning arising from surgery performed in 1975. Mr. Piechota seeks to compel the SF-DCT Claims Administrator to accept the proof of claim form, standing alone, as evidence to establish eligibility for a settlement payment from the Trust assets. The California court, based upon the above-cited order and provisions under the Plan, has no authority to make such a determination. No response has been filed by Mr. Piechota to this motion, therefore, there is no argument or any evidence to rebut the Movants' argument that this Court has exclusive jurisdiction over Mr.

Piechota's claim. The Movants have shown they would be irreparably harmed if Mr. Piechota is allowed to proceed before the California court since the California court has no authority to make any determination over Mr. Piechota's claim.

As to the notice requirement of Rule 65(b), the Movants served Mr. Piechota's post office box, via overnight mail, regarding the instant motion and the notice of hearing. At oral argument, Movants indicated their pleadings had been signed for at the post office box.

The Movants have shown they are entitled to a temporary restraining order enjoining Mr. Piechota with going forward with the California case.

This Temporary Restraining Order will not cause any material harm to Mr. Piechota. This Order will not be adverse to the public interest. To the contrary, the public has shown an overwhelming interest in ensuring that the carefully negotiated terms of the Plan are followed and that unnecessary litigation is not generated. The Movants have shown that they are prepared to demonstrate a likelihood of success on the merits.

   **B.**  **Consolidation of Preliminary and Permanent Injunction Motions**

The Movants request that the Court consolidate its consideration of the Movants' Motions for Preliminary and Permanent Injunctions. Rule 65(a)(2) provides that before or after the commencement of the hearing of an application for a preliminary injunction, the court may consolidate the merits. No response was received by the Court objecting to the consolidation of the Motions for Preliminary and Permanent Injunctions.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Temporary Restraining Order is GRANTED.

IT IS FURTHER ORDERED that Mr. Piechota is directed to cease any further acts to seek or obtain relief against the SF-DCT in the California Court, in connection with the Petition or otherwise.

IT IS FURTHER ORDERED that the temporary restraining order shall remain in effect until further order of this Court, pending the outcome of the Court's consideration of the Movants' request in the Motion for Preliminary and Permanent Injunctions.

IT IS FURTHER ORDERED that the Motion to Consolidate the Motions for Preliminary and Permanent Injunctions is GRANTED.

IT IS FURTHER ORDERED that the Movants serve Mr. Piechota with this Order at his post office box number, and, serve a courtesy copy to the California Court prior to the January 19, 2006 scheduled hearing date before that court.

IT IS FURTHER ORDERED that Mr. Piechota must file and serve to the opposing parties a Response to the Motions for Preliminary and Permanent Injunctions **by January 24, 2006.**

IT IS FURTHER ORDERED that the Court shall consider the merits of Movants' Motions for Preliminary and Permanent Injunctions against Mr. Piechota on a consolidated basis at a hearing on **Thursday, January 26, 2006, 9:00 a.m.  If no response is filed by Mr. Piechota by January 24, 2006, the Court will consider the merits of the Motions without oral arguments and the parties need not appear on January 26, 2006.**  The Court will base its decision on the briefs already submitted by the parties.

        /s/   DENISE PAGE HOOD
        DENISE PAGE HOOD
        United States District Judge

DATED: January 12, 2006

TIME OF ISSUANCE: 10:45 a.m.

THE CLERK SHALL FILE THIS ORDER FORTHWITH