**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**In Re:**

**Settlement Facility Dow Corning Trust,**

**Clients of Weitz & Luxenberg,**

**Movants.**

Case No. 00-00005
Honorable Denise Page Hood

_____/

## MEMORANDUM OPINION AND ORDER

On June 1, 2004, the Amended Joint Plan of Reorganization ("Plan") became effective. The Settlement Facility-Dow Corning Trust ("SF-DCT") implements the claims of those claimants who elected to settle their claims under the Plan. The Settlement Fund and Distribution Agreement ("SFA") governs the processing of the claims.

The clients of Weitz & Luxenberg seeks to compel an order directing the Claims Administrator of the Settlement Facility-Dow Corning Trust ("SF-DCT") from accepting an expert report to show implant rupture. Specifically, they seek admission of the opinion of Pierre Blais, Ph.D, to show that their clients' implants were ruptured. Dr. Blais has over 25 years of experience in researching medical implants, including breast prostheses and has developed techniques for implant identification for determining implant condition in vivo on the basis of post explantation examination. He has methodologies for appraising the impact of breast implant failure, in particular rupture and extravasation of the filling media in the surrounding issue. Dr. Blais has a Ph.D in physical chemistry, with components in organic chemistry, polymer chemistry, crystallography, and polymer synthesis. He is a 20-year employee of the Canadian Department of National health and Welfare, Radiation and Medical Devices, Health Protection Branch, the equivalent to the United States' Food and Drug Administration. Dr. Blais is the founder of Innoval, a business which has

advised medical device designers and manufacturers about chemical polymers since 1989. Dr. Blais and Innoval have examined more than 9,000 explanted breast implants.

The Claimants' Advisory Committee ("CAC") supports the motion, noting that nothing in the Plan Documents precludes claimants from submitting expert affidavits to establish that a rupture occurred. Expert statements regarding rupture proof are required for all explantations post-Effective Date of June 1, 2004. (Plan, SFA, Annex A, § 6.02(e)(iii)(c)(1) and (2), Annex A-15 and A-16). The CAC, however, notes that the parties have entered into a June 11, 2004 Stipulation and Order Establishing Procedures for Resolution of Disputes Regarding Interpretation of the Amended Joint Plan ("Procedures"). If the parties cannot agree to a certain interpretation, then the parties must present the matter to the Court for resolution after raising the issue before the Claims Administrator.

The Reorganized Debtor Dow Corning Corporation states that the motion raises an unauthorized appeal of the Claims Administrator's decision to reject the deficient proof. Additionally, to the extent the motion seeks to raise issues of Plan interpretation, such a request must be made pursuant to the June 11, 2004 Procedures.

Section 5.05 of the SFA provides that the Debtor's Representatives and the CAC may submit joint interpretations and clarifications regarding submissions of claims to the Claims Administrator. If there is a dispute between the Debtor's Representatives and the CAC, the Claims Administrator may resolve the issue or the issue may be raised before the Court by way of a motion pursuant to the June 11, 2004 Procedures. Section 2.01 of the Procedures provides that "these procedures will apply to disputes arising out of the interpretation or application of the Claims Resolution Procedures–Annex A to the Settlement Facility Agreement–and any claims operations functions set out in the Settlement Facility Agreement." (Plan Interpretation Procedures, § 2.01(a)) After a meet

and confer period and submitting the issue before the Claims Administrator, either party may bring the matter before this Court. (Plan Interpretation Procedures, § 2.01(c) and (d)) The SFA and the Procedures authorize only the Debtor's Representatives and the CAC to file a motion to interpret a matter under the SFA. There is no provision under the SFA or the Procedures which allows a claimant to submit an issue to be interpreted before the Court.

Because the parties have agreed to resolve the issue of whether an expert opinion may be used to determine rupture through the Procedures set forth in the June 11, 2004 Order and the matter has not been raised before the Court by the parties in accordance with the Procedures, the Court will not interpret the expert opinion issue raised by Weitz & Luxenberg at this time. Weitz & Luxenberg, on behalf of its clients, does not have the authority under the SFA or the Procedures to raise an interpretation issue before the Court.

Accordingly,

IT IS ORDERED that the Motion to Compel Acceptance of Expert Affidavits re Proof of Rupture Claims filed by Weitz & Luxenberg **(No. 556, 7/31/07)** is DENIED.

*/s/ Denise Page Hood*
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2008, by electronic means and/or first class U.S. mail.

                                                      S/Sakne Srour
                                                     Deputy Clerk