## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

                                     **Case No. 00-00005**

**Settlement Facility Dow Corning Trust.**

                                     **Honorable Denise Page Hood**

_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL

### I.     BACKGROUND

This matter is before the Court on a Motion to Stay the Court's Ruling Regarding Partial Premium Payment Distribution Recommendation by the Finance Committee filed by Dow Corning Corporation, the Debtor's Representatives and Shareholders ("Movants"). The Claimants' Advisory Committee ("CAC") filed a response opposing the motion and a reply brief has been filed. The Movants assert that the Finance Committee, the proponent of the Partial Premium Payment Distribution, does not object to the motion.

On December 31, 2013, the Court entered a Memorandum Opinion and Order granting the Finance Committee's recommendation to distribute partial Premium Payment to Claimants. (Doc. No. 934) A Notice of Appeal to the Sixth Circuit Court of Appeals was filed on January 16, 2014 by the Movants. (Doc. No. 935)

### II.     ANALYSIS

#### A.     Standard Governing Stay Pending Appeal

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court. The following four factors are weighed in order to determine whether a stay pending appeal should be issued: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent the stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors should be balanced in light of the overall circumstances of the case. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985). The Movants' argument that Rule 62(d) of the Rules of Civil Procedures applies in this analysis is inapplicable since the matter before the Court was to interpret the Plan language.

## B.    Likelihood of Success

The Movants argue the first factor is met since the issues on appeal are complex and difficult and have been heavily contested. They claim that the litigation involved extensive analysis of complex claims data and of calculations on that data, disputes about the governing standard under the Plan, the Plan Documents, and the Bankruptcy Code for the distribution of Second Priority Payments.

The CAC responds that the Movants do not even attempt to articulate serious

2

issues presented by their appeal and that the Court's Order represents a conservative, intermediate step to provide Claimants with only half of the Premium Payments meant to be paid long ago. The CAC asserts that the appeal is not "dizzyingly" complex as portrayed by the Movants and that the only issue is whether the Court committed clear factual error or abused its discretion in adopting the Finance Committee's conservative recommendation to issue partial Premium Payments based on projections by the Independent Assessor showing a significant cushion to pay unexpected claims.

A party seeking a stay pending appeal is "required to show, at a minimum, 'serious questions going to the merits.'" *In re DeLorean*, 755 F.2d at 1229. This Court finds that the Movants have not shown serious questions going to the merits. The Premium Payment provision is agreed to by the parties. This Court accepted the Finance Committee's recommendation to only distribute *partial* Premium Payments. The Court found that based on the Independent Assessor's analysis, there are sufficient funds to make such payments which would not jeopardize payments to the other classes under the Plan. The Court's interpretation of the Plan language as to the timing of the payment and the basis of the analysis of whether payment should be distributed are the issues before the appellate court. The Court finds the Movants have not shown serious questions as to this Court's analysis of the Plan language relating to the Premium Payment provision.

### C.    Irreparable Harm to Movants and Harm to Others

The Movants argue that they, the claimants who are not scheduled to receive Premium Payments but may in the future become eligible for such payments, future claimants who have not yet filed claims and the Dow Corning Trust, face immediate and irreparable harm if a stay is not granted.  The Movants argue the harm is imminent because the Finance Committee has indicated it is able to comply with the Court's order within six weeks of the filing of the instant motion.  The Movants claim that requiring the Trust to make more than $100 million in payments cannot be recovered if the ruling is reversed.

The CAC responds that there is no irreparable injury as to the claimants since under the Plan, they are entitled to the Premium Payments.  The CAC argues that there is only a "tiny" chance that paying fifty percent of the Premium Payments will result in future First Priority Payments hitting the funding cap.  The CAC asserts that it is the Claimant who would be irreparably harmed since Claimants have already waited for years to receive Premium Payments that were marketed to them as a key benefit of the settlement.  The CAC claims that the real-life consequences of delay that Claimants will necessarily and further endure far outweighs the Movants' imaginary harm.

In evaluating the degree of injury to a movant, the key word in this

4

consideration is "irreparable." Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The harm alleged must be both certain and immediate, rather than speculative or theoretical. *Wisconsin Gas Co. v. Federal Energy Regul. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). A movant must provide some evidence that the harm has occurred in the past and is likely to occur again. *Michigan Coalition*, 945 F.2d at 154.

Here, the Movants conflate the arguments regarding irreparable injury factor to themselves and the injury harm suffered by others. The Movants allege monetary injury–in the partial payment of Premium Payments which was agreed to by the Movants. Premium Payments will be paid as agreed to by the Movants under the Plan, if not now, at some point in time in the life of the Plan. The harm to the Movants is not irreparable since the initial Premium Payments will be paid at some point in time in the life of the Plan and the overall funding of the Plan has been agreed to by the Movants. The Movants have not set forth any specific harm the Movants themselves will suffer, in light of the fact that the Movants agreed to the Premium Payments and to the funding cap of the Plan.

The Movants are essentially arguing harm to "others," not themselves. As argued by the CAC, Claimants have been waiting for years regarding the promise of Premium Payments. The Court's review of the Independent Assessor's analysis

5

shows that the cap of the funding payment will not be reached as a result of the initial 50% payment of Premium Payments.  The Movants have not shown they will be irreparable harmed, but as argued by the CAC, the Claimants themselves who have been waiting for years for the Premium Payments have been harmed and continued to be harmed should they continue to wait pending the appeal in this matter.

The Movants argue that strong public interest favors granting the stay because the stay preserves the assets so that all eligible claimants will receive their base compensation from the Trust.  The CAC argues that public interest weighs against the stay.  The CAC claims the compelling public interest is to provide promised redress to injured claimants and preserving public confidence in the judicial system to implement and administer a settlement effectively and efficiently without further delay.

### D.    Public Interest

The public interest in this case is to ensure that the Plan agreed to by the parties is effectively and efficiently implemented.  The Movants and the CAC (or their predecessors) agreed to the Premium Payment provision in the Plan.  The Court's Order approves the Finance Committee's request under the Plan to pay Premium Payments to Claimants.  It is noted that the Finance Committee only requested fifty percent of the agreed to Premium Payment, which this Court approved.

6

Weighing and balancing the factors set forth above, the Court finds the Movants have not shown that they are entitled to a stay of the Court's Order granting the Finance Committee's request to pay 50% Premium Payments.

## III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Stay Order on Motion to Amend/Correct **(Doc. No. 936, 1/16/14)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Expedite Motion for Stay **(Doc. No. 937, 1/16/14)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Seal and for Leave to File Excess Pages **(Doc. No. 938, 1/16/14)** is GRANTED.

　_/s/ Denise Page Hood_　　　
DENISE PAGE HOOD
United States District Judge

DATED: February 25, 2014

7