UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

**Settlement Facility-
Dow Corning Trust.**

Case No. 00-00005
Honorable Denise Page Hood

_____/

**ORDER DENYING THE KOREAN CLAIMANTS' MOTION TO STAY THE COURT'S RULING REGARDING THE FINANCE COMMITTEE'S MOTION FOR AUTHORIZATION TO MAKE SECOND PRIORITY PAYMENTS, THE KOREAN CLAIMANTS' MOTION FOR PREMIUM PAYMENTS AND THE KOREAN CLAIMANTS' MOTION FOR ORDER VACATING DECISION OF THE SETTLEMENT FACILITY REGARDING ADDRESS UPDATE/CONFIRMATION**

This matter is before the Court on the Korean Claimants' Motion to Stay the Court's Ruling Granting the Finance Committee's Motion for Authorization to Make Second Priority Payments. Responses to the motion have been filed.

On June 24, 2021, a Memorandum Opinion and Order Regarding the Finance Committee's Motion for Authorization to Make Second Priority Payments, the Korean Claimants' Motion for Premium Payments and the Korean Claimants' Motion for Order Vacating Decision of the Settlement Facility Regarding Address Update/Confirmation was entered. (ECF No. 1607) A Notice of Appeal was filed by the Korean Claimants on June 28, 2021. (ECF No. 1608) The Korean Claimants seek to stay the proceedings under the Rules of Civil Procedure Rule 62(c) while

proceeding with an appeal before the Sixth Circuit Court of Appeals. The Finance Committee and the Claimants' Advisory Committee oppose the motion.

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court. The following four factors are weighed in order to determine whether a stay pending appeal should be issued: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent the stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors should be balanced in light of the overall circumstances of the case. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel*, 563 F.22d 256, 261 (6th Cir. 1977). A party seeking a stay pending appeal is "required to show, at a minimum, 'serious questions going to the merits.'" *In re DeLorean*, 755 F.2d at 1229. Even if a moving party demonstrates irreparable harm, the movant is still required to show a serious question going to the merits. *Griepentrog*, 945 F.32d at 153-54.

The Korean Claimants argue that the Finance Committee's decision for

authorizing the second priority payments was only made by two members of the Finance Committee and that three members are required to make the decision under the June 1, 2004 Amended Joint Plan of Reorganization in the Dow Corning bankruptcy matter and the Settlement Facility and Fund Distribution Agreement.

The Court finds the Korean Claimants will not likely prevail on the merits on this argument because the Court noted that a third member of the Finance Committee was appointed who did not object to the request to authorize the second priority payments. The factor–the likelihood that the Korean claimants will likely prevail on appeal–does not weigh in the Korean Claimants' favor.

Since the Korean Claimants are unable to show they will likely prevail on the merits on appeal, the Court will not stay the Judgment, even if the Korean Claimants are able to show irreparable harm if the second priority payments were made, which they have not so shown.  It is speculation at this time that any eligible Korean Claimant will not be able to receive second priority payments.  The irreparable harm factor does not weigh in the Korean Claimants' favor.

As to whether other parties will be harmed if second priority payments were made, the Court finds this factor also does not weigh in favor of the Korean Claimants.  The purpose of the authorization of the second priority payments is to pay all eligible claimants the payments required under the Plan.  The Claimants' Advisory

Committee, on behalf of the Claimants, have long sought to have the second priority payments be paid. It would harm other claimants if they were unable to receive the second priority payments at this time.

Regarding the public interest factor, the public has a strong interest in implementing a bankruptcy plan. This factor does not weigh in the Korean Claimants' favor.

Weighing the factors set forth above, the Court finds that the factors do not weigh in favor of staying the Judgment. For the reasons set forth above,

IT IS ORDERED that the Korean Claimants' Motion to Stay the Court's Memorandum Opinion and Order Regarding the Finance Committee's Motion for Authorization to Make Second Priority Payments, the Korean Claimants' Motion for Premium Payments and the Korean Claimants' Motion for Order Vacating Decision of the Settlement Facility Regarding Address Update/Confirmation **(ECF No. 1610)** is DENIED.

                                            S/DENISE PAGE HOOD
                                            DENISE PAGE HOOD
                                            United States District Judge

DATED: August 12, 2022