UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

**Settlement Facility-
Dow Corning Trust.**

Case No. 00-00005
Honorable Denise Page Hood

_____/

**ORDER REGARDING VARIOUS MOTIONS
FILED BY THE KOREAN CLAIMANTS
(ECF Nos. 1658, 1660, 1666, 1667, 1668, 1677)**

**I.  BACKGROUND**

This matter is before the Court on the Korean Claimants' various motions relating to Closing Order 5, Notice that Certain Claims Without a Confirmed Current Address Shall be Closed and Establishing Protocols for Addressing Payments for Claimants in Bankruptcy entered on June 13, 2022 (ECF No. 1642). On August 25, 2022, the Korean Claimants filed a Notice of Appeal from Closing Order 5 to the Sixth Circuit Court of Appeals. (ECF No. 1656)  The Korean Claimants thereafter filed the following motions:  Motion to Stay Closing Order 5 (ECF No. 1658, 8/29/22); Motion for Voluntary Dismissal of Motion to Stay Closing Order 5[1] (ECF

---

[1] The Korean Claimants filed the Motion for Voluntary Dismissal of Motion to Stay Closing Order 5 most likely because the Sixth Circuit Court of Appeals issued an Order on September 14, 2022 denying the Korean Claimants' motion to stay filed before the Sixth Circuit. (ECF No. 1670-2, PageID.30618-24, *In re: Settlement Facility Dow Corning Trust,* Case No. 22-1753 (6th Cir. Sept. 14, 2022)).  The Court grants this motion and moots out the Motion to Stay Closing Order 5. ECF

No. 1666, 9/15/22); Motion to Reopen the Time to File Appeal Regarding Closing Order 5 (ECF No. 1667, 9/15/22); Motion to Set Aside Closing Order 5 (ECF No. 1668, 9/17/22); and Motion for Expedited Hearing or to Rule re Motion to Reopen the Time to File Appeal Regarding Closing Order 5 (ECF No. 1677, 10/22/22). The Korean Claimants also filed a Motion to Stay the Order Denying Motion for Extension of Deadline for Filing Claim (ECF No. 1660, 8/30/22). Various responses and replies have been filed on many of the motions.

## II.   ANALYSIS

### A.   Motion to Reopen the Time to File Appeal Regarding Closing Order 5 (ECF No. 1667)

The Korean Claimants seek to reopen the time to file an appeal for a period of 14 days from the date such an order is entered. The Korean Claimants acknowledge that their Notice of Appeal was untimely filed. The Korean Claimants assert they did not receive the notice of entry of Closing Order 5 because counsel's email address was not operational. Counsel claims the server stopped working on May 31, 2022. Counsel learned of the Closing Order 5 entry when he received the Claimants' Advisory Committee's Newsletter Volume 19, No. 6 on August 16, 2022.

The response filed by Dow Silicones Corporation, the Debtor's Representatives (the "DRs"), the Finance Committee ("FC"), and the Claimants' Advisory Committee ("CAC") argues that the Sixth Circuit already determined in its September 14, 2022

order that the Korean Claimants can no longer move to the district court to extend or reopen the time for appeal. They further argue that Appellate Rule 4(a)(6) does not apply since the Korean Claimants cannot meet the conditions to extend or reopen the time for appeal, cannot show lack of notice, even after admitting to receiving notice they failed to file a notice of appeal within 14 days after receiving the notice, and that the parties and other claimants would be prejudiced if the motion is granted.

The Federal Rules of Appellate Procedure provide that a notice of appeal must be filed with the federal district court within 30 days after the judgment or order appealed from is entered. *See* Fed. R. App. P. 4(a)(1)(A). A federal district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed expires and, regardless of whether the motion is filed before or during the 30 days after the time prescribed by Rule 4(a) expires, that party shows excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5).

In this case, Closing Order 5 was entered on June 13, 2022. The Korean Claimants filed a notice of appeal on August 25, 2022. No motion for an extension of time was filed within 60 days of the June 13, 2022 Closing Order 5 filing date. The Korean Claimants fail to meet the time requirement of Federal Rule of Appellate Procedure 4(a)(5). The district court is without authority to grant an untimely filed motion for extension of time to file an appeal. *Beard v. Carrollton Railroad,* 893 F.3d

117, 120 (6th Cir. 1989); *Pryor v. Marshall,* 711 F.2d 63, 64-65 (6th Cir. 1983)(Rule 4(a) prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time.). Accordingly, the Court is unable to extend or reopen the time to appeal under Fed. R. App. P. 4(a)(5), as so ruled by the Sixth Circuit. (ECF No. 1670-2, PageID.30622)

The Court, however, may *reopen* the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6), which states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Rule 77(d) of the Rules of Civil Procedure provides,

> (1) *Service*. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
> (2) *Time to Appeal Not Affected by Lack of Notice*. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court

> to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed. R. Civ. P. 77(d).  The ECF Policies and Procedures provide that each filing user is responsible for maintaining valid and current contact information and that when a user's contact information changes, the user must promptly update such.  ECF Pol. & Proc. R3(d).  "Electronic service upon an obsolete e-mail address will constitute valid service if the user has not updated the account profile with the new e-mail address." *Id*.

The Court notes that the Korean Claimants' counsel was served with Closing Order 5 electronically as so noted on the Court's docket, which satisfies the service required under Fed. R. Civ. P. 77(d).  The Korean Claimants' counsel asserts however, that he did not "receive" the notice because his email server stopped working.  As noted above, it is counsel's responsibility to update the user's contact information on CM/ECF. It is further noted that the service on counsel was completed and proper under Fed. R. Civ. P. 77(d) and the CM/ECF rules on the day Closing Order 5 was filed.  However, based on counsel's representation that the server to his email provider stopped working and counsel could not "receive" or retrieve the notice via email, the Korean Claimants have met the requirement under Fed. R. App. P. 4(a)(6)(A) that counsel did not "receive" a copy of Closing Order 5 within 21 days after the entry of the order.  The Court determines that the Korean Claimants "received" a notice of the

5

a copy of Closing Order 5 when counsel downloaded the order from the SF-DCT website on August 16, 2022. (See ECF No. 1667, PageID.30483)

As to the requirement under Fed. R. App. P. 4(a)(6)(B) that the motion be filed within 180 days after the order is entered *or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier,* the Court finds that the Korean Claimants failed to file the Motion to Reopen on the earlier date of 14 days after downloading a copy of the notice. The Korean Claimants argue the motion is timely filed within the longer 180 days after the order was entered because they have yet to "receive" notice of Closing Order 5 via counsel's *new* email address. However, as noted above, "service" as required by Fed. R. Civ. P. 77(d) of Closing Order 5 was completed on June 13, 2022 when it was filed on CM/ECF and served on counsel's then-email address. It is counsel's duty to update his contact information in the CM/ECF system. There is no requirement that notices of orders filed be "re-served" once a party updates an invalid contact information. Because the Korean Claimants had notice that Closing Order 5 was filed and counsel downloaded Closing Order 5 on August 16, 2022, the Court considers that day as the "received" date of the notice of the Fed. R. Civ. P. 77(d) order entry under Fed. R. App. Rule 4(a)(6). Counsel for the Korean Claimants downloaded Closing Order 5 on August 16, 2022. The Motion to Reopen the time to file an appeal

6

was filed on September 15, 2022, which is beyond the 14-days required by Fed. R. App. 4(a)(6). The Korean Claimants are unable to meet the timely filing requirement.

As to whether any party is prejudiced if the time to file an appeal is reopened, the Sixth Circuit found in denying the motion to stay Closing Order 5, that the stay would cause harm by "disrupting trust operations." The Debtor's Representatives, the Settlement Facility, the Finance Committee, and the CAC all argue that they have a strong interest in assuring efficient termination of the Settlement Facility and the finality of the various closing orders entered by the Court which were negotiated by the parties. Reopening the time to appeal Closing Order 5 would result in uncertainty and halt ongoing closure activities, disrupt the operations, cause delay and increase costs, argue the respondents. They further argue that other claimants would be prejudiced because they are all subject to Closing Order 5. After reviewing the Korean Claimants and other parties' arguments, the Court finds that reopening the time to appeal is prejudicial to the trust operations, the ongoing closure activities, and would further delay the ongoing closing activities.

The Korean Claimants have not met the requirements to reopen the time to appeal under Fed. R. App. P. 4(a)(6). As noted by the Sixth Circuit, "[w]e have recognized that although the application of Rule 4(a)(6) 'may work misfortune' in some cases, ... its 'essence' is 'finality of judgment.'" *Tanner v. Yukins*, 776 F.3d 434,

7

440 (6th Cir. 2015) (citations omitted).

B.  **Motion to Set Aside Closing Order 5 Regarding Korean Claimants**

The Korean Claimants also seek to set aside Closing Order 5 citing Fed. R. Civ. P. 60(b)(1) (mistake, inadvertence, surprise or excusable neglect) and (4) (judgment is void). The response to the motion argues that the Korean Claimants' Motion to Set Aside is a "thinly disguised effort to circumvent the requirements of Fed. R. App. 4(a)(5) and (6) should be denied." (ECF No. 1672, PageID.31189)

The Sixth Circuit has noted that Rule 60(b) is an appropriate means of considering equitable interests when a notice of appeal is filed late for reasons other than lack of notice. *Tanner,* 776 F.3d at 440. If the request for relief from judgment under Rule 60(b) is not to solve a problem related to a failure to receive notice, but to restore a right to appeal that was lost due to an unconstitutional conduct by a party which prevented the filing of a notice of appeal, then the district court may review a Rule 60(b) motion. *Id.* Otherwise, the court of appeals lacks jurisdiction to hear an appeal outside the 14-day period in Rule 4(a)(6), even where weighty equitable considerations exist in light of the drafting history of Rule 4(a)(6) which demonstrates that the time period in Rule 4(a)(6) are themselves an accommodation of equitable considerations. *Id.* The Sixth Circuit, affirmed by the Supreme Court, has held that a federal appeals court lacks jurisdiction to decide the merits of a case if the notice of

8

appeal was filed with the district court more than 14 days after a Rule 4(a)(6) motion was filed. *Id.*

In their Motion to Set Aside Closing Order 5, the Korean Claimants argue that Closing Order 5 should be set aside under Rule 60(b)(1) and (4) because they did not receive the notice of the June 13, 2022 Closing Order 5 because his email server had stopped working. (ECF No. 1688, PageID.30574 and .30576) This is the same argument raised in their Motion to Reopen the Time to File an Appeal–a lack of notice argument.

Because the Korean Claimants' arguments in their Motion to Set Aside involve the issue of lack of notice, which the Court addressed above under Rule 4(a)(6), and there has been no allegation that any party caused the lack or the delay of notice, this Court has no jurisdiction to review the Korean Claimants' Motion to Set Aside under Rule 60(b). The Court denies the Korean Claimants' Motion to Set Aside.

    **C.**    **Motion to Stay Order Denying the Korean Claimants' Motion for Extension of Deadline for Filing Claims (Order in ECF No. 1652/Motion in ECF No. 1586) (ECF No. 1660)**

The Korean Claimants seek to stay the Court's Order denying their Motion to Extend the Deadline for filing claims of certain 405 Korean Claimants. The Korean Claimants filed their claims for disease compensation on December 29, 2021, after the final deadline June 3, 2019. The Reorganized Debtor, Debtor's Representatives, the

CAC and the Finance Committee oppose the motion.

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court. The following four factors are weighed in order to determine whether a stay pending appeal should be issued: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent the stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors should be balanced in light of the overall circumstances of the case. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir. 1985).

The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel*, 563 F.22d 256, 261 (6th Cir. 1977). A party seeking a stay pending appeal is "required to show, at a minimum, 'serious questions going to the merits.'" *In re DeLorean*, 755 F.2d at 1229. Even if a moving party demonstrates irreparable harm, the movant is still required to show a serious question going to the merits. *Griepentrog*, 945 F.32d at 153-54.

The Korean Claimants argue that they will likely prevail on appeal because they can show "excusable neglect" for filing their claims after the June 3, 2019 final

10

deadline. The respondents respond that the excusable neglect standard is not applicable because the deadline is a clear requirement of the Plan. Even if it applied, the Debtor and other claimants would be prejudiced if the Korean Claimants' claims were accepted more than two and a half years after the final claim deadline. They claim that the addition of 400 new claims would increase the funding required to pay claims and administrative costs to process the claims. The respondents further claim that to allow these 400 late claims would be unfair to other claimants who missed the deadline or who decided not to submit a late claim because they understood that the deadline had passed.

The Court finds the Korean Claimants will not likely prevail on the merits on appeal because the "excusable neglect" standard does not apply to the establishment of the June 3, 2019 final deadline to file claims. As the Court noted in its Order, it has no authority to extend any deadlines set forth under the Plan agreed to by Dow Corning and the CAC. The Korean Claimants cannot meet the first factor that they will likely prevail on the merits.

Because the Korean Claimants are unable to show they will likely prevail on the merits on appeal, the Court will not stay the Order denying their Motion for Extension of Deadline for Filing Claims. Even if the Korean Claimants are able to meet the likelihood to prevail on the merits factor, they cannot show irreparable harm

11

if the stay was not issued because there is no firm Settlement Facility final closing date. Many claims are subject to probate proceedings and there are several appeals pending in this matter. The Settlement Facility cannot close until all claims are resolved. If the Court of Appeals allows an extension of time for the Korean Claimants to submit their claims, the Settlement Facility will remain open to process these claims. The irreparable harm factor does not weigh in the Korean Claimants' favor.

Regarding whether other parties will be harmed if the Korean Claimants were allowed to submit late claims, costs to process the claims would increase and create uncertainty because other claimants who missed the final deadline may seek to file late claims. The finality of claim processing by the Settlement Facility would be further delayed. The third factor–prospect of harm to other parties factor–weighs against the Korean Claimants.

The public interest factor also weighs against the Korean Claimants because the public has a strong interest in implementing a bankruptcy plan and respecting deadlines set forth in a plan.

Weighing the factors set forth above, the Court finds that the factors do not weigh in favor of staying the Order denying the Korean Claimants' Motion for Extension of Deadline for Filing Claims pending appeal.

### III.  CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Motion for Voluntary Dismissal of Motion to Stay the Closing Order 5 **(ECF No. 1666)** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay Closing Order 5 **(ECF No. 1658)** is DISMISSED and WITHDRAWN.

IT IS FURTHER ORDERED that the Motion to Reopen the time to file notice of appeal **(ECF No. 1667)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Set Aside Closing Order 5 **(ECF No. 1668)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Expedited Hearing as to Motion to Reopen **(ECF No. 1677)** is MOOT.

IT IS FURTHER ORDERED that the Motion to Stay the Order for Extension of Deadline for Filing Claims **(ECF No. 1660)** is DENIED.

s/DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2022