# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: SETTLEMENT FACILITY -
DOW CORNING TRUST,

    SETTLEMENT FACILITY MATTERS.

_____/

Case No. 00-00005

Hon. Denise Page Hood

## ORDER DENYING MOTION TO STAY PENDING APPEAL (# 1786)

This matter is before the Court on a Motion to Stay the Court's Order Regarding Motions Filed by the Korean Claimants. (ECF No. 1786) A response and reply have been filed.

On July 31, 2024, the Court entered an Order Regarding Various Motions filed by the Korean Claimants. (ECF No. 1783) The Korean Claimants filed a Notice of Appeal to the Sixth Circuit Court of Appeals on August 1, 2024. (ECF No. 1784) The Korean Claimants seek a stay of the August 1, 2024 Order pending appeal.

Rule 8(a) of the Federal Rules of Appellate Procedure provides that a party seeking a stay of an order must first request a stay from the district court. In considering a motion for a stay pending appeal, the district court must balance the

following factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Serv. Emp. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). These four factors "are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006). The moving party has the burden of showing that a stay is warranted. *Serv. Emp. Int'l Union Local 1,* 698 F.3d at 343; *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661–62 (6th Cir. 2016).

The Korean Claimants assert that this Court has jurisdiction over the claims submitted by the Korean Claimants which were denied by the Claims Administrator. As this Court noted in its decision, the Plan does not provide any provision for this Court to review a claim denied by the Claims Administrator. (ECF No. 1783, PageID.41104) The Court further noted that the Joint Plan of Reorganization's language is clear and unambiguous that the decision of the Appeals Judge is final and binding on any claimant and that the Plan provides no right of appeal from the Appeals Judge's decision. *Id.* at PageID.41104-41105.

The Sixth Circuit has noted that "[t]o the extent the Korean Claimants seek to challenge any substantive decisions of the Claims Administrator with respect to any particular claims, such review is beyond the scope of the plan." *In re Settlement Dow Corning Trust*, Case No. 18-1040, 760 F. App'x 406, 411-12 (6th Cir. Jan. 14, 2019).

The Korean Claimants also argue that they should be relieved from having to update their addresses pursuant to various Closing Orders entered by the Court. As this Court noted in its decision, various closing orders were entered in anticipation of the termination of the SF-DCT. Specifically, "Closing Order 2 was entered to address procedures and protocols to implement Closing Order 1 and to assist the prompt distribution of funds to claimants and the orderly termination of the SF-DCT." (ECF No. 1738, PageID.41107-108) The Court further noted that the Sixth Circuit had already affirmed this Court's decision as to Closing Order 2. *See In re Settlement Facility Dow Corning Trust*, Case Nos. 21-2665/22-1750/1753/1771, 2023 WL 2155056, at *3 (6th Cir. Feb. 22, 2023).

Based on this Court's review of its decision and as set forth above, the Court finds that the Korean Claimants will not likely prevail on the merits as to this Court's authority over the claims denied by the Claims Administrator and/or the Appeals Judge. The Court further finds that the Korean Claimants will also not

likely to prevail on the merits as to the address issue based on the above, and the previous Sixth Circuit Court of Appeals' ruling on this issue.

In determining whether a plaintiff will suffer an irreparable harm, the court generally considers three factors: 1) the substantiality of the injury alleged; 2) the likelihood of its occurrence; and 3) the adequacy of the proof provided. *Mich. Coal of Radioactive Material Users, Inc.*, 945 F.2d at 153.  A party is not irreparably harmed by the denial of a motion to stay or preliminary injunction when the only harm suffered is the payment of monetary expenses necessarily expended during the course of litigation and when other corrective relief will be available at a later date. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1973); *Mich. Coal. of Radioactive Material Users*, 945 F.2d at 154.

The injury alleged by the Korean Claimants is that their claims were denied by the Claims Administrator.  This alleged injury will not likely occur again. Based on the likelihood of success on the merits conclusion above, the Korean Claimants have not submitted adequate proof that this Court, under the Plan, had the authority to review any denials of claims by the Claims Administrator and/or the Appeals Judge.  The only harm suffered by the Korean Claimants is the monetary payment of their claims under the Plan.  However, as noted above, such payment is not a certain or immediate relief available to the Korean Claimants.

The Korean Claimants have failed to show that their harm is imminent and irreparable.

As to the factor that others will be harmed if the Court grants the stay, the Court finds that the Settlement Facility and the Reorganized Debtor would be harmed in that funding of the Settlement Facility operations would continue where the claims deadlines have passed, and various Closing Orders have been entered to permanently close the Settlement Facility.

There is public interest in claimants being properly paid under a Bankruptcy Plan of Reorganization.  On the other hand, there is also public interest in claimants following all the protocols and procedures of a Plan of Reorganization in order to be properly paid.  There is also public interest in implementing and finally resolving a Plan of Reorganization under the terms of such Plan.

Weighing all the factors set forth above, the Court finds that the Korean Claimants have not me their burden for the Court to issue the stay pending the Korean Claimants' appeal.  The Court denies the Korean Claimants' Motion to Stay Pending Appeal for the reasons set forth above and in the Court's previous Orders.

Accordingly,

IT IS ORDERED that the Korean Claimants' Motion for More Definite Statement, Motion to Stay **(ECF No. 1786)** is DENIED.

S/DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED:  December 5, 2024